■ LUKE E. W. JOHNSON, Respondent, v. EDITH BEYER, as Administratrix of the Estate of WILLIAM E. BEEMAN, Deceased, Defendant, and MABEL HERPST, as Administratrix of the Estate of JOHN F. ZAZYNSKI, Deceased, Appellant. LUKE E. W. JOHNSON, as Executor of BERTHA M. JOHNSON, Deceased, Respondent, v. EDITH BEYER, as Administratrix of the Estate of WILLIAM E. BEEMAN, Deceased, Defendant, and MABEL HERPST, as Administratrix of the Estate of JOHN F. ZAZYNSKI, Deceased, Appellant.— Appeals by defendant, administratrix of the estate of Zazynski, deceased, from judgments in favor of plaintiffs against both defendants entered upon verdicts of a jury rendered at a Trial Term, Supreme Court, Greene County, and from orders denying motions to set aside the verdicts. At about eleven o'clock in the morning on March 22, 1952, Bertha Johnson was riding on the front seat of an automobile owned by plaintiff, her husband, and being driven by him on his own side of the road in a northerly direction along Route 9W near Coxsackie, Greene County, when an automobile owned by decedent Beeman and occupied by the decedents, Beeman and Zazynski, came diagonally across the road and collided with the plaintiff's car, causing the death of his wife and personal injury to plaintiff. Concededly, the Beeman car was driven in a negligent manner. The only questions submitted to the jury were the identity of the driver of the Beeman car and the amount of damages. There is only circumstantial proof on the narrow issue of which of the two occupants of the Beeman car was operating it at the time of the accident. The sole question involved in this appeal is whether there is sufficient circumstantial evidence from which the jury could reasonably draw the inference that defendant-appellant's intestate, Zazynski, was the driver of the car. Admittedly Beeman was the owner of the car, but there is no proof as to whether he was a licensed operator. There is proof that Zazynski was a licensed operator, but his presence in the Beeman car at the time of the accident is wholly unexplained. There is no proof as to where Beeman started from nor his destination. It does not appear where Zazynski got into the car. However, we believe that there

was circumstantial evidence sufficient to justify the jury's determination that Zazynski was the driver. Zazynski had a license to drive; when the automobile came to rest after the accident, his body was under the car at the driver's side and the only part of his body outside the car was an arm, although the door was open and the car was resting on its left side. The body of Beeman was more than fifteen feet beyond the rear of the car. It seems to us that the circumstantial evidence was such that the inference was reasonable and proper that Zazynski was the driver of the car that caused the accident. (*Cole* v. *Swagler*, 308 N. Y. 325.) Judgments and orders unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See *post*, p. 928.]